# APPENDIX.

## APPLICATION OF MISS GOODELL.[1]

*April 22 — June 18, 1879.*

The previous lack of statutory authority for the admission of women to the bar in this state having been supplied by act of the legislature (subd. 5, sec. 2586, R. S.), this court admits to its bar the female applicant in this case, without considering the question whether, under the constitution of this state, the power to prescribe the rule of admission to the bar is in the legislature or in the court.

On the 22d day of April, 1879, *I. C. Sloan, Esq.*, moved the court for the admission of *Miss Lavinia Goodell* to its bar as a practicing attorney; and the court took time to consider the motion. Afterwards, on the 18th of June, 1879, the motion was granted, and the following opinion was filed.

Cole, J. On the former application for the admission of *Miss Lavinia Goodell* to the bar of this court, it was held that there was no statutory authority for the admission of females to the bar of any court of this state. 39 Wis., 232. Since that decision was made, the legislature has provided that "no person shall be denied admission or license to practice as an attorney in any court of this state on account of sex" (subd. 5, sec. 2586, R. S. 1878), which removes the objection founded upon a want of legislative authority to admit females to practice. It may admit of serious doubt whether, under the constitution of this state, the legislature has the absolute

---

[1] The publication of this decision, in the reports, has been delayed in the expectation that a dissenting opinion would be prepared by the chief justice. — Rep.

and exclusive power to declare who shall be admitted as attorneys to practice in the courts of this state; or whether the courts themselves, as a necessary and inherent part of their powers, have not full control over the subject. It was said by the chief justice, on the previous application, that it was a grave question whether the constitution does not entrust the rule of admissions to the bar, as well as of expulsion from it, exclusively to the discretion of the courts, as a part of their judicial power. But it was further remarked by the chief justice, that the legislature had from time to time assumed the power to prescribe rules for the admission of attorneys, and, when those rules have seemed reasonable and just, it has generally been the pleasure of the courts to act upon such statutes, in deference to the wishes of a coördinate branch of the government, without considering the question of power. A majority of the court are disposed to pursue the same course now, and act upon the statute above cited, waiving for the present the question whether or not the courts are vested with the ultimate power under the constitution of regulating and determining for themselves as to who are entitled to admission to practice. We are satisfied that the applicant possesses all the requisite qualifications as to learning, ability and moral character to entitle her to admission, no objection existing thereto except that founded upon her sex alone. Under the circumstances, a majority think that objection must be disregarded. *Miss Goodell* will therefore be admitted to practice in this court upon signing the roll and taking the prescribed oath.

*By the Court.* — So ordered.

RYAN, C. J., dissented.